VILLANTI, Judge.
A.S.B. seeks review of his adjudication of guilt for the offense of grand theft motor vehicle and the resulting disposition order which committed him to a high-risk facility. We affirm A.S.B.’s adjudication of guilt and commitment to a high-risk facility without comment. However, we remand for entry of a new disposition order because the current disposition order fails to clearly specify the maximum time that A.S.B. may be committed to the Department of Juvenile Justice.
. A.S.B. ’was fourteen years old when he committed the offense of grand theft motor vehicle. This offense is a third-degree felony punishable by up to five years in prison. See §§ 812.014(2)(c)(6), 775.082(3)(d), Fla. Stat. (2009). A.S.B.’s disposition order provided, in pertinent part,
The Child is committed to the Department of Juvenile' Justice (DJJ) for an indeterminate period, which shall not extend beyond the Child’s 21st birthday or the maximum allowed by law.
*236 At the top of the disposition order, the order stated that the offense of grand theft motor vehicle was a “3rd Degree Felony punishable by up to 5 years.”
Counsel for A.S.B. initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel raised a “minor sentencing issue” concerning the length of A.S.B.’s commitment. Counsel argued that the disposition order was ambiguous and should be corrected because the language of the order could be construed- as permitting the Department to retain jurisdiction over A.S.B. for longer than the statutory maximum.[1] We requested supplemental briefing on this issue, and the State has properly conceded error in its supplemental answer brief.
An order that “commitfsj a juvenile for an indeterminate period of time no longer than a specific birthday or the maximum term of imprisonment is error because such language could allow the sentence to be construed as running longer than the statutory maximum provided for the particular offense.” L.W.G. v. State, 785 So.2d 696, 696 (Fla. 4th DCA 2001); see also J.E.R. v. State, 56 So.3d 821, 822 n. 1 (Fla. 2d DCA 2011). When the juvenile is young enough that the statutory maximum for the offense will expire before the juvenile reaches majority, a disposition order that appears to permit the Department to choose between retaining jurisdiction until either the statutory maximum for the offense or the child’s twenty-first birthday is ambiguous because it could be construed as extending commitment past the statutory maximum and until the specified birthday. See J.E.R., 56 So.3d at 822 n. 1; R.P. v. State, 695 So.2d 490, 490 (Fla. 4th DCA 1997); M.S. v. State, 675 So.2d 215, 216 (Fla. 4th DCA 1996). In such an instance, the disposition order must be reversed and remanded for the trial court to enter an order that specifies the period of commitment actually imposed by the court. See S.B. v. State, 834 So.2d 964, 964 (Fla. 2d DCA 2003); L.W.G., 785 So.2d at 696-97 (reversing for entry of disposition orders that specifically limited the period of commitment to the applicable statutory maximum); R.P., 695 So.2d at 490 (reversing for entry of a disposition order that specifically limits commitment “to no more than sixty days which is the maximum term an adult can serve for the same offense”); M.S., 675 So.2d at 216 (noting that the disposition order “should have specified a commitment for one year, the maximum allowable sentence for this misdemeanor” (footnote omitted)).
In this case, the disposition order entered by the trial court could be construed to give the Department discretion to maintain jurisdiction for either the five-year statutory maximum or until A.S.B.’s twenty-first birthday, whichever it chooses. However, given A.S.B.’s young age at disposition, commitment until his twenty-first birthday would result in a sentence that exceeds the statutory maximum for his third-degree felony offense. Because the disposition order entered in this case did not clearly limit A.S.B.’s sentence to the five-year statutory maximum, we must reverse.[2] On remand, the trial court is in *237 structed to enter a disposition order that clearly limits A.S.B.’s commitment to no more than five years, which is the maximum term an adult can serve for the same offense.
Affirmed in part, reversed in part, and remanded with instructions.
CASANUEVA, C.J., and CRENSHAW, J., Concur.

. A.S.B. raised this issue in a timely motion to correct disposition error filed pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2); however, the trial court never ruled on this motion.

. We recognize that section 985.455(3),' Florida Statutes’(2009), requires that commitment to the Department be “for an indeterminate period of time.” However, the same statute prohibits commitment for longer than "the maximum term of imprisonment that an adult may serve for the same offense,” id., and section 985.0301(5)(c) prohibits the Department or the court from exercising jurisdiction *237 after the child turns twenty-one years of age. While we usually condone a trial court's use of the exact statutory language when disposing of criminal cases, when the juvenile’s age at disposition renders the statutory language ambiguous as applied to that juvenile, such a "one size fits all” approach to disposition orders may be inappropriate.